UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK A. COTTONHAM,

        Plaintiff,

    v.

C.D.C. PAROLE AGENTS, *et al.*,

        Defendants.
_____/

No. C-11-3077 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Mark A. Cottonham, an inmate at the Santa Rita County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Cottonham alleges the following in his complaint about his experiences on parole starting on September 19, 2008. He alleges that parole agents failed to assist and help him with various services that he believes would help his rehabilitation, *e.g.*, obtaining a job, residence, food, and a parenting class. Parole agent Sullivan allegedly told him that the parole office didn't have the money to provide such services. Cottonham further alleges that parole agent Sullivan tried to help "the frame job" -- apparently meaning they wanted to find a parole violation -- by requiring Cottonham to see her eight times in less than 30 days and by making him give four urine samples. In his prayer for relief, Cottonham requests that the Court prohibit parole agents from determining that he is violating parole or arresting him.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause does not generally confer upon the State affirmative duties of care and protection with respect to private citizens. *See DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 197 (1989). There is an exception to this rule, for situations in which the State stands in a special custodial relationship to the plaintiff:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs-e.g., food, clothing, shelter, medical care, and reasonable safety-it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf.

*Id.* at 199-200 (internal citations omitted). The State thus has an affirmative duty to protect a prisoner because it has limited his freedom to act on his own behalf. Courts have not, however, extended the affirmative duty to the parolee or probationer. The State has no comparable duty to take care of the basic needs of the parolee or probationer because it has not rendered the parolee or probationer unable to care for himself. *But cf. Wakefield v. Thompson*, 177 F.3d 1160, 1164 (9th

2

Cir. 1999) (prison officials had a duty to provide outgoing prisoner who was on medication with a sufficient supply of that medication to give him time to consult a doctor and obtain a new supply once released from prison).

The basic premise of Cottonham's complaint is that parole officials had some sort of duty to help him get settled and move forward with his life during his parole period. The Constitution imposes no such a duty on parole officials. Even if parole officials are aware of Cottonham's predicament or have indicated an intent to help him, the State has not imposed restraints that rendered Cottonham unable to care for himself. "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf -- through incarceration, institutionalization, or other similar restraint of personal liberty -- which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means." *DeShaney*, 489 U.S. at 200. The State of California and its parole agents have no § 1983 liability for not providing support services during Cottonham's parole period.

Cottonham also claims that parole officials were unnecessarily restrictive with him by requiring him to report and provide urine samples frequently. He has not identified any federal law or constitutional provision offended by parole officials' conduct, and none is apparent from the allegations of the complaint. His complaint does not allege that he was deprived of his rights under the Constitution or laws of the United States, and therefore does not state a claim upon which relief may be granted under 42 U.S.C. § 1983. Leave to amend will be granted so that Cottonham may attempt to cure this deficiency.

In his amended complaint, Cottonham must identify the particular federal constitutional provision or federal law that was violated by the requirement of frequent reporting and urine samples, and allege facts showing his entitlement to relief. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights.

United States District Court
For the Northern District of California

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Leave to amend will be granted so that plaintiff may attempt to state a claim. The amended complaint must be filed no later than **December 9, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: November 14, 2011

_____
EDWARD M. CHEN
United States District Judge